1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE R. MOYER,

11            Plaintiff,                    No. CIV S-03-1350 FCD DAD P

12        vs.

13   JAMES E. TILTON, et al.,

14            Defendants.               <u>ORDER</u>

15   _____/

16          On October 15, 2009, the parties entered into a settlement agreement in this case.

17   Accordingly, on December 10, 2009, the parties filed a stipulation for voluntary dismissal of this

18   action with prejudice.  Pursuant to the stipulation, the case was closed.  Pending before the court

19   is plaintiff's motion to re-open the case.  Defendants have filed an opposition to the motion.

20          In his motion, plaintiff argues that he agreed to dismiss this action with prejudice

21   in exchange for $3,500.00.  Plaintiff argues that he upheld his end of the agreement.  However,

22   plaintiff reports that on April 28, 2010, the California Department of Corrections and

23   Rehabilitation ("CDCR") deducted the entire amount ($3325.00 plus a five percent

24   administrative fee) from his account for purposes of satisfying his outstanding restitution

25   obligation stemming from his underlying criminal conviction.  Plaintiff argues that this violates

26   the terms of the settlement agreement and the California Penal Code, which purportedly allows

1

1   CDCR to take fifty percent of any amount posted to an inmate's trust account plus an

2   administrative fee for purposes of satisfying restitution.

3           In opposition to the motion, defense counsel argues that this court lacks

4   jurisdiction over this case.  Specifically counsel contends that a claim for breach of a settlement

5   agreement, even if part of the consideration was dismissal of a federal case, will not provide the

6   basis of federal court jurisdiction.  Here, counsel contends that the monetary amount agreed to

7   by the parties was paid to plaintiff.  In addition, according to defense counsel, the settlement

8   agreement which plaintiff signed expressly informed him that CDCR was obligated to collect

9   any amounts owed by a prisoner under a restitution fine or order and deduct such from the

10  settlement.

11          In this case, the parties filed a stipulated dismissal with prejudice pursuant to

12  Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  All of the parties signed the stipulation, and the

13  dismissal was effective upon filing without a court order.  To the extent that plaintiff seeks

14  enforcement of the settlement agreement, the court lacks jurisdiction.  See Kokkonen v.

15  Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).  The stipulation filed in this case

16  contains one provision regarding the court's retention of jurisdiction.  It states: "The Court shall

17  retain jurisdiction to enforce this Settlement Agreement until such time as the monetary amount

18  is paid." (Pl.'s Mot. to Re-open Attach.)  Here, it is undisputed that CDCR paid plaintiff

19  $3,500.00.  The stipulation does not contain any further provisions regarding the court's

20  retention of jurisdiction, and "neither the Rule nor any provision of law provides for jurisdiction

21  of the court over disputes arising out of an agreement that produces the stipulation." Id. at 378.

22  In this regard, any further enforcement of the settlement agreement is a matter for state court. Id.

23  at 382.           To the extent that plaintiff's motion can be construed as a motion brought

24  pursuant to Federal Rule of Civil Procedure 60(b)(6), the Ninth Circuit has held that the

25  repudiation or "complete frustration" of a settlement agreement can be grounds to set aside a

26  judgment.  See Keeling v. Sheet Metal Workers Int'l, 937 F.2d 408, 410 (9th Cir. 1991).  See

1  also Kokkonen, 511 U.S. at 378 (distinguishing enforcement of a settlement agreement from

2  reopening a dismissed suit because of breach of the agreement that was the basis for dismissal).

3  Here, however, plaintiff has not demonstrated the repudiation or "complete frustration" of the

4  settlement agreement.  As noted above, it is undisputed that CDCR paid plaintiff $3,500.00.

5  Moreover, plaintiff signed the stipulation with the understanding that CDCR was obligated to

6  deduct amounts from the settlement to satisfy plaintiff's restitution obligations.  In this regard,

7  the stipulation filed in this case states:

8          **Restitution**: Plaintiff understands that the CDCR is obligated by
   California Penal Code section 2085.5 to collect any amounts owed
9          by a prisoner under a restitution fine or order.  Any restitution that
   is outstanding and any related administrative fines and fees will be
10         deducted from the settlement amount agreed to above and the
   remainder will be paid to Plaintiff.

11

12 (Pl.'s Mot. to Re-open, Attach.)  It is well established that only extraordinary circumstances

13 justify relief under Rule 60(b)(6).  See Keeling, 937 F.2d 410.  Plaintiff has not shown that any

14 such circumstances warrant relief here.

15         Also pending before the court is a motion to withdraw filed by plaintiff's

16 appointed pro bono counsel.  Counsel notes that the agreed upon scope of services by Morrison

17 & Foerster was limited to representation of plaintiff in the above-caption matter.  Because this

18 case has been dismissed, appointed counsel moves to withdraw.  Based upon the materials

19 submitted by counsel, the court will grant the motion to withdraw.  See Local Rule 182(d).

20         Accordingly, IT IS HEREBY ORDERED that:

21         1.  Plaintiff's motion to reopen the case (Doc. No. 96) is denied.  To the extent

22 that plaintiff seeks enforcement of the settlement agreement, this order is without prejudice to

23 /////

24 /////

25 /////

26 /////

1    any state court proceedings plaintiff may wish to initiate concerning the settlement agreement;

2    and

3            2.  The motion to withdraw as counsel (Doc. No. 99) is granted.

4    DATED: February 10, 2011.

5

6    _____

7                    FRANK C. DAMRELL, JR.
                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26